# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TERRY NEAL,                                  :
                                             :
      Plaintiff,                       :
                                             :
v.                                           :     CASE NO: 8:09-cv-40-T-30EAJ
                                             :
CITY OF TAMPA, FLORIDA;                      :
SCOTT GUFFEY, in his individual             :
capacity as an officer with the Tampa
Police Department; and KRISTOFFER            :
BABINO, in his individual capacity as an     :
officer with the Tampa Police Department,    :
                                             :
      Defendants.                     :
                                             :

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND
## REQUEST FOR JURY TRIAL

COMES NOW, TERRY NEAL, by and through his undersigned counsel, and hereby sues

the defendants, the CITY OF TAMPA, FLORIDA and Police Officers SCOTT GUFFEY and

KRISTOFFER BABINO, and alleges:

1.    Plaintiff TERRY NEAL (hereinafter "NEAL" or "plaintiff") is an adult United States

citizen and a resident of Hillsborough County, Florida.

2.    The CITY OF TAMPA, FLORIDA is a municipality located in Hillsborough County

and is a political subdivision of the State of Florida.

3.    Officers SCOTT GUFFEY and KRISTOFFER BABINO were at all relevant times

employees of the Police Department of the defendant, CITY OF TAMPA, FLORIDA. They are

sued in their individual capacities only.

1

4.   All acts material to this action occurred in Hillsborough County, Florida.

5.   This Court has jurisdiction over Count VI pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over Counts I, II, III, IV, and V pursuant to 28 U.S.C. § 1367.  Venue is proper under 28 U.S.C. § 1391.

6.   Plaintiff has satisfied all administrative prerequisites to pursuing his claim against the CITY OF TAMPA, FLORIDA.  On February 28, 2006, plaintiff served by certified mail a notice of his claim against the CITY OF TAMPA, FLORIDA upon its mayor as required by § 768.28(6), *Fla.Stat*.  Plaintiff has provided the CITY OF TAMPA, FLORIDA the requisite period of repose before bringing this suit.

## FACTUAL ALLEGATIONS

7.   On December 9, 2004, NEAL attended the regularly scheduled public meeting of the Tampa City Council.

8.   During the dedicated public commentary portion of the meeting, NEAL approached the podium to address the Tampa City Council.

9.   The chairperson of the Tampa City Council recognized NEAL to speak.

10.   Shortly thereafter, a member of the council addressed his colleagues about a prior agenda item.

11.   After a few moments, and having been previously recognized by the chairperson, NEAL stated, "point of order."  His intention was to confirm that he had been recognized to speak by the chairperson, that is, to confirm that he had the floor.

12.   The chairperson responded, "Are you running this meeting, or am I?"  NEAL responded, "I am,  through the Robert's Rules of Order," a copy of which he displayed in his

2

hand.

13.   A uniformed Tampa police officer approached NEAL from his side.  Noticing her, NEAL asked, "What are you going to do, arrest me?"

14.   A plainclothes police officer, GUFFEY, then approached NEAL, and grabbed his arm in an escort position.  GUFFEY asked the chairperson, "Are you ruling him out of order?" The chairperson responded affirmatively.

15.   GUFFEY then told NEAL, "You are going to leave."  NEAL responded, "O.K." NEAL was then escorted by the uniformed officer and GUFFEY from the council's chambers.

16.   The uniformed officer and GUFFEY escorted NEAL through the doorway of the council's chambers, into the adjoining lobby.  The door closed.  The uniformed officer and GUFFEY then escorted NEAL into another lobby, and the door closed.  Two closed doors, therefore, separated NEAL from the council's chambers.  GUFFEY and the uniformed officers told NEAL to leave, and NEAL again agreed, requesting only an opportunity to retrieve his personal items and papers from his seat in the public section of the council's chambers.  NEAL requested the uniformed officer and GUFFEY to communicate with NEAL's acquaintance, who remained in the chambers, for the purpose of retrieving NEAL'S personal item.  NEAL also asked the uniformed officer and GUFFEY to do so.  Both requests were refused.  NEAL remained orderly and compliant.  He disturbed no member of the public, and no members of the council, who remained two closed doors away.  NEAL never attempted to reenter the chambers through either of the closed doors.  A member of the council left the chambers to check on NEAL'S welfare.

17.   NEAL was nonetheless placed under arrest by GUFFEY for the misdemeanors of

3

trespass after warning and disturbing a public assembly.  GUFFEY applied handcuffs forcibly,

and in a painful manner, despite the fact NEAL offered no resistance.

18.   GUFFEY and the uniformed officer escorted NEAL to a patrol vehicle driven by

BABINO.  BABINO later "double-cuffed" NEAL due to his complaints of wrist pain.

19.   BABINO'S patrol vehicle was very warm, with little air flow.  NEAL remained in

the motionless car for an unreasonably long period of time.   As a result, and despite the season,

NEAL sweated profusely, became dizzy and disoriented, and became dehydrated.  BABINO and

GUFFEY noticed NEAL's obvious physical discomfort.  NEAL's discomfort was caused, in part,

by the fact that he was also suffering a panic attack.  Despite NEAL'S physical distress, which he

voiced repeatedly, BABINO and GUFFEY detained him in the parked car for an unnecessarily

prolonged period of time.

20.   Unbeknownst to NEAL, GUFFEY then informed BABINO of the following

information, all of it false.  GUFFEY told BABINO that NEAL was "HIV positive," has

"hepatitis C," and has a "violent mental illness."

21.   GUFFEY later stated to investigators with the Tampa Police Department that he

could not recall who told him this false information.  Instead, GUFFEY told investigators that he

heard this information from "numerous sources around Tampa City Hall," and that this

information was "common knowledge" among persons working for the municipal government.

GUFFEY was unable or unwilling to identify even one of these "numerous sources."

22.   Either GUFFEY or BABINO, or both, placed this false information into the official

written police report of NEAL's arrest.  The written police report is a public record, available to

law enforcement officials and the public at large.  The written police report stated falsely that

4

NEAL is "HIV positive," "has hepatitis C," and has a "violent mental illness." This false information about NEAL'S private health status was outrageous, disclosed to all members of the Tampa Police Department and any member of the public, and caused NEAL mental and emotional distress.

23.   BABINO eventually transported NEAL to the Hillsborough County Jail. Due to NEAL's physical distress, including his profuse sweating, disorientation, and dehydration, the jail personnel refused to allow NEAL to be booked into the Hillsborough County Jail.

24.   Instead, BABINO transported NEAL to the Tampa General Hospital, where NEAL was treated and released.

25.   The State Attorney's Office did not file the disturbing a public assembly charge, but filed the misdemeanor trespass charge.

26.   On April 18, 2005, NEAL accepted the prosecutor's offer to *nolle prosse* the trespass charge upon NEAL's completion of an "informal misdemeanor intervention program," the only condition of which was to follow the Tampa City Council's rules of procedure for four months. Because NEAL had always followed the Tampa City Council's rules of procedure, this requirement imposed no additional condition on NEAL'S freedom, or any limitation that he did not observe voluntarily both before and after his arrest. NEAL admitted no guilt. On August 16, 2005, the State Attorney's Office *nolle prossed* the case.

27.   After September 2005, NEAL applied for several positions teaching special education in the public school system, but was rejected on each occasion. Believing that his arrest record may have been a decisive factor, NEAL obtained his entire written arrest report in January 2006.

5

28.   For the first time, NEAL learned that either GUFFEY or BABINO, or both, had

placed the false information that NEAL was "HIV positive," "has hepatitis C," and has a "violent

mental illness" in an official public record, namely the written police report regarding NEAL's

December 9, 2004 arrest.

COUNT I

(Invasion of Privacy by Public Disclosure of Private Facts Claim Against CITY OF TAMPA,

FLORIDA)

NEAL sues defendant CITY OF TAMPA, FLORIDA and states:

29.   All allegations of paragraphs 1 through 28 are realleged as if fully set out herein.

30.   The inclusion of private information in a public record by GUFFEY, BABINO, or

both regarding NEAL's physical and mental health status was offensive to a reasonable person

and not of legitimate public concern.  GUFFEY, BABINO, or both, publicized information about

NEAL's physical and mental health.  That information, of course, is private.  The information

was highly offensive to a reasonable person, and this information was not a legitimate concern to

the public.  Also, this private information was disclosed to all members of the Tampa Police

Department and any member of the public at large.

31.   As a result, NEAL suffered emotional distress, physical distress stemming from that

emotional distress, and economic losses due to the detrimental effects of the disclosure of private

information on NEAL's livelihood.

32.   The claim of invasion of privacy by the public disclosure of private facts is

actionable against the CITY OF TAMPA, FLORIDA pursuant to § 768.28(6), *Fla. Stat.*

## COUNT II

### (False Arrest Claim Against CITY OF TAMPA, FLORIDA)

33.    All allegations of paragraphs 1 through 28 are relleged as if fully set out herein.

34.    Officer GUFFEY arrested NEAL without probable cause to believe that he committed any criminal offense.  NEAL did not trespass within the outer lobby of Tampa City Hall.  He did not refuse to leave the podium within the Tampa City Council chambers when requested.  He did not disturb the public assembly.  No reasonable police officer in these circumstances would have concluded that NEAL committed a crime.

35.    As a result of his false arrest, NEAL suffered humiliation, inconvenience, economic losses, and mental and emotional distress.

36.    The claim of false arrest is actionable against the CITY OF TAMPA, FLORIDA pursuant to § 768.28(6), *Fla. Stat.*

## COUNT III

### (Battery Claim Against CITY OF TAMPA, FLORIDA)

37.    All allegations of paragraphs 1 through 28 are realleged as if fully set out herein.

38.    Because neither GUFFEY nor BABINO had probable cause to arrest NEAL, their actions in touching NEAL without his consent and inflicting unnecessary physical discomfort on NEAL constituted a battery.  In the alternative, assuming for the moment that probable cause existed to arrest NEAL, the force used by GUFFEY and BABINO was excessive under the circumstances.

39.    The force used by GUFFEY and BABINO was excessive under the circumstances,

7

as it included excessively tight handcuffing and imprisonment of NEAL in an excessively and unnecessarily uncomfortable patrol car, despite the officers' knowledge that the consequence was severe physical discomfort by NEAL, which GUFFEY and BABINO noted.  As a result, NEAL was in obvious physical distress, and despite the season sweated profusely, became dizzy and disoriented, and became dehydrated.

40.   As a result of the battery committed by GUFFEY and BABINO, NEAL suffered physical pain and emotional distress.

41.   The claim of battery is actionable against the CITY OF TAMPA, FLORIDA pursuant to § 768.28(6), *Fla. Stat.*

## COUNT IV

(Outrageous Conduct Causing Severe Emotional Distress Claim Against CITY OF TAMPA)

42.   All allegations of paragraphs 1 through 28 are realleged as if fully set out herein.

43.   The conduct of GUFFEY and BABINO in placing false information in a public record intentionally or, at a minimum, recklessly, inflicted mental suffering upon NEAL. The conduct of GUFFEY and BABINO was outrageous, and caused NEAL severe emotional distress.

44.   As a result of GUFFEY's and BABINO's intentional or reckless infliction of emotional distress, NEAL suffered severe emotional distress.

45.   The claim of outrageous conduct causing severe emotional distress is actionable against the CITY OF TAMPA pursuant to § 768.28(6), *Fla. Stat.*

## COUNT V

(Negligent Infliction of Emotional Distress Claim Against City of Tampa)

8

46.   All allegations of paragraphs 1 through 28 are realleged as if fully set out herein.

47.   The conduct of GUFFEY and BABINO in placing false information in a public record was negligent.  This false information was outrageous to a reasonable person, as it asserted falsely that NEAL was "HIV positive," has "hepatitis C", and has a "violent mental illness."

48.   GUFFEY's and BABINO's negligent placement of false information in a police record caused NEAL emotional distress.

49.   NEAL suffered severe emotional distress as a result of the negligent infliction of mental suffering

50.   The claim of negligent infliction of emotional distress is actionable against the CITY OF TAMPA pursuant to § 768.28(6), *Fla. Stat.*

## COUNT VI

(42 U.S.C. § 1983 Claims Against GUFFEY and BABINO in their individual capacities)

51.   All allegations of paragraphs 1-28 are realleged as if fully set out herein.

52.   The actions of GUFFEY and BABINO violated the First and Fourth Amendments to the United States Constitution, (applicable to municipal officers pursuant to the Fourteenth Amendment), and are actionable pursuant to 42 U.S.C. § 1983.

53.   GUFFEY arrested NEAL without arguable probable cause to believe that he committed or was committing any criminal offense.   No reasonable officer in the same circumstance could have concluded that probable cause existed to justify NEAL'S arrest.   NEAL did not trespass inside the lobby of Tampa City Hall.   He complied with official requests to leave

9

the podium and the chambers of the council.  He did not disturb the members of the council.

54.    GUFFEY also arrested NEAL in violation of the First Amendment.  GUFFEY arrested NEAL while he engaged in protected political speech and while he participated in a public assembly that constituted a public forum designed to allow citizens an opportunity to petition for the redress of grievances.  All of this activity is protected by the First Amendment, which is made applicable to the states and their subdivisions by the Fourteenth Amendment.

55.    GUFFEY and BABINO also violated NEAL'S Fourth Amendment (applicable to municipal officers pursuant to the Fourteenth Amendment) right to be here from an unreasonable seizure, assuming for the moment that probable cause supported his arrest.  While arresting NEAL, and prior to the point that he was no longer an arrestee and became a pretrial detainee, GUFFEY used an unreasonable degree of force in restraining NEAL, causing him unnecessary pain.  In addition, both BABINO and GUFFEY detained NEAL for an unnecessarily protracted period of time, causing NEAL, despite the season, to sweat profusely, become dizzy and disoriented, and to become dehydrated.  NEAL'S deteriorating physical condition was noted by both BABINO and GUFFEY, who did nothing to alleviate NEAL'S physical distress, which was sufficiently noticeable that jail personnel refused to book NEAL.

56.    As a result of GUFFEY's and BABINO's First and Fourth Amendment violations, NEAL suffered from physical pain, emotional distress, economic losses, humiliation, and inconveniences, and is entitled to costs and attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, NEAL demands judgment on all counts against defendants for compensatory damages, costs , and attorney's fees, and all other relief the Court deems just and equitable.

10

PLAINTIFF DEMANDS A JURY TRIAL on all issues so triable.

FARMER & FITZGERALD, P.A.

/s MATTHEW P. FARMER
Matthew P. Farmer, Esq.
Fla. Bar No. 0793469
708 E. Jackson Street
Tampa, FL  33602
(813)228-0095
FAX  (813) 224-0269

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing  has been furnished via electronic mail this 3rd day of February, 2009 to the following:

Ursula Richardson, Esq.
Ursula.Richardson@tampagov.net

11